An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JACQUELINE LEFKOWITZ,
Appellant,
vs.
BENJAMIN JOSEPH
COLLINSWORTH,
Respondent.

No. 58676

**FILED**

FEB 0 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal challenging a district court order modifying a child support obligation. Eighth Judicial District Court, Clark County; Kenneth E. Pollock, Judge.

Appellant Jacqueline Lefkowitz and respondent Benjamin Collinsworth have joint legal custody, and Lefkowitz has primary physical custody, over their minor child. The district court ordered Collinsworth to pay $535 per month in child support.

Thereafter, Collinsworth was sentenced to 32 months in prison. Upon his incarceration, Collinsworth filed a motion to reduce his child support obligation, claiming a change in circumstances warranting the reduction. The district court granted Collinsworth's motion and reduced his child support obligation to $100 per month. Lefkowitz appealed.[1]

---

[1]The parties are familiar with the facts; thus, we do not recount them further except as pertinent to our disposition.

13-03752

"Matters of custody and support of minor children rest in the [district court's] sound discretion," Wallace v. Wallace, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996); thus, this Court reviews a district court's decision regarding child support for an abuse of discretion. Rivero v. Rivero, 125 Nev. 410, 438, 216 P.3d 213, 232 (2009). A district court abuses its discretion when it acts in "clear disregard of the guiding legal principles." Bergmann v. Boyce, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

NRS 125B.070 provides a statutory formula for determining a child support obligation. This court has determined a district court abuses its discretion regarding child support awards or modifications when the district court does not make specific findings of fact regarding any deviation from the NRS 125B.070 statutory support formula. Rivero, 125 Nev. at 438, 216 P.3d at 232 (citing Jackson v. Jackson, 111 Nev. 1551, 1553, 907 P.2d 990, 992 (1995)); see also NRS 125B.080(6); NRS 125B.145.

Here, the district court abused its discretion because it did not make specific findings of fact to support modifying Collinsworth's child support obligation. Based on the statutory formula (18 percent of his gross monthly income to support a child), Collinsworth was required to pay $535 per month in child support. NRS 125B.070(1)(a)-(b)(1). The district court issued an order reducing Collinsworth's monthly payments to $100, but did not make specific factual findings to support the deviation from the statutory formula. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

cc:    Hon. Kenneth E. Pollock, District Judge
       Pecos Law Group
       Joseph W. Houston, II
       Eighth District Court Clerk